## Emma K. Blanks, Appellee, v. W. H. Mills et al., Appellants.

### Gen. No. 22,781.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.   Heard in this court at the October term, 1916.   Affirmed.   Opinion filed May 21, 1917.

### Statement of the Case.

Action by Emma K. Blanks, plaintiff, against W. H. Mills, Dan Macknett and Frank C. Fishback, defendants, upon a *narr* and *cognovit* on a lease.   From an order denying defendants' motion to vacate the judgment for four hundred and twenty dollars, taken by confession, defendants appeal.

MEAGHER, WHITNEY, RICKS & SULLIVAN, for appellants; FRED L. BLACKINGTON and W. H. MILLS, of counsel.

ERNEST W. CLARK, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1.   JUDGMENT, § 82*—*how affidavit in support of motion to vacate is construed.*   An affidavit in support of a motion to vacate a judgment by confession is to be construed strictly against the party presenting such affidavit.

2.   JUDGMENT, § 82*—*what are essentials of affidavit in support of motion to vacate.*   An order to vacate a judgment regularly entered in a cause will not be entered unless upon a statement of the facts relied on in the affidavit for the entry of such order; conclusions of the pleader are not sufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3.  JUDGMENT, § 82*—*when affidavit in support of motion to vacate by confession is insufficient.* An affidavit filed in support of a motion to vacate a judgment by confession regularly entered stating merely that the lease sued on had been canceled and terminated on a certain date and that the plaintiff had failed and refused to re-rent the premises described in the lease although numerous opportunities for so doing had been offered, *held* not to unequivocally state facts from which the trial court would be authorized to believe the defendants had a good and meritorious defense to the action.